John M. Kim (CA Bar No. 188997)
jkim@ipla.com
Kristin G. Strojan (CA Bar No. 223877)
kstrojan@ipla.com
Benjamin S. White (CA Bar No. 279796)
bwhite@ipla.com
**IPLA, LLP**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
Tel: 858-272-0220
Fax: 858-272-0221

Christopher B. Ingle (AZ Bar No. 025553)
cingle@inglelawfirm.net
**INGLE LAW FIRM**
111 W. Monroe St., Ste. 716
Phoenix, AZ 85003
Tel: 602-615-8395
Fax: 602-926-2753

Attorneys for Plaintiff
3 RATONES CIEGOS, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| 3 RATONES CIEGOS,<br>a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MUCHA LUCHA LIBRE TACO SHOP 1 LLC, an Arizona Limited Liability Company; MUCHA LUCHA LIBRE TACO SHOP 3 LLC, an Arizona Limited Liability Company; SANTOS LUCHA LIBRE TACO SHOP 2 LLC, an Arizona Limited Liability Company; MUCHA LUCHA LIBRE TACO SHOP 6 LLC, an Arizona Limited Liability Company; MUCHA LUCHA LIBRE TACO SHOP 5 LLC, an Arizona Limited Liability Company; MUCHA LUCHA BAR & GRILL LLC, an Arizona Limited Liability Company, JAIME ZARRAGA, an Individual; CALEB JAMES ZARRAGA, an Individual; BEATRIZ CANALES, an Individual; FERNANDEO ESPINOZA, an Individual; ESMERALDA BUGARIN, an | Case No.<br><br>**COMPLAINT FOR:**<br><br>**I. FEDERAL TRADEMARK INFRINGEMENT (TRADEMARK) (15 U.S.C. § 1114(1)(a))**<br><br>**II. FEDERAL TRADEMARK INFRINGEMENT (TRADE DRESS) (15 U.S.C. § 1114(1)(a))**<br><br>**III. FEDERAL UNFAIR COMPETITION (TRADEMARK) (15 U.S.C. § 1125(a))**<br><br>**IV. FEDERAL UNFAIR COMPETITION (TRADE DRESS) (15 U.S.C. § 1125(a))**<br><br>**V. COMMON LAW UNFAIR COMPETITION**<br><br>**VI. COMMON LAW TRADEMARK INFRINGEMENT** |

1

COMPLAINT

Case No.

| | |
|---|---|
| Individual; SANTOS AGUILAR, an Individual, MANUEL DE JESUS CORONADO LUGO, an Individual, and DOES 1-15, inclusive,<br><br>      Defendants. | **VII.  COMMON LAW TRADE DRESS INFRINGEMENT**<br><br>**VIII.  STATE TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br>**[A.R.S. § § 44-1441 et seq., 44-1521 et seq.]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff 3 Ratones Ciegos, LLC, demanding a trial by jury, complains and alleges as follows against Defendants Mucha Lucha Libre Taco Shop 1 LLC, Mucha Lucha Libre Taco Shop 3 LLC, Santos Lucha Libre Taco Shop 2 LLC, Mucha Lucha Libre Taco Shop 6 LLC, Mucha Lucha Libre Taco Shop 5 LLC, Mucha Lucha Bar & Grill LLC, Jaime Zarraga, Caleb James Zarraga, Beatriz Canales, Fernandeo Espinoza, Esmeralda Bugarin, Santos Aguilar, Manuel De Jesus Coronado Lugo, and DOES 1-15, inclusive (hereinafter collectively "Defendants" and, each, individually, a "Defendant").

### NATURE OF ACTION

1.      This lawsuit seeks damages and injunctive relief against Defendants for trademark infringement, trade dress infringement and related causes of action arising out of federal and state law.

### THE PARTIES

2.      Plaintiff 3 Ratones Ciegos, LLC ("Plaintiff") is a California limited liability company with its principal place of business at 1810 W. Washington Street, San Diego, California, and is the holding company for Lucha Libre Gourmet Taco Shop, LLC #1, a California limited liability company.  Plaintiff is the owner of all trademark and trade dress rights as alleged herein.

3.      Plaintiff is informed and believes, and thereon alleges, that Defendant Mucha Lucha Libre Taco Shop 1 LLC is an Arizona limited liability company having its principal place of business at 818 West Broadway, Ste. 6, Tempe, Arizona.  Plaintiff is informed and believes, and thereon alleges, that Mucha Lucha Libre Taco Shop 1 LLC

owns and operates a restaurant under the name Mucha Lucha Taco Shop within the Paradise Valley Mall, located at this same address.  Plaintiff is informed and believes that this Defendant has an online presence, which includes, but is not limited to, Facebook and Yelp.

4.    Plaintiff is informed and believes, and thereon alleges, that Defendant Mucha Lucha Libre Taco Shop 3 LLC is an Arizona limited liability company having its principal place of business at 4550-110 E Cactus Rd., Phoenix, Arizona.  Plaintiff is informed and believes, and thereon alleges, that Mucha Lucha Libre Taco Shop 3 LLC owns and operates a restaurant under the name Mucha Lucha Taco Shop located at this same address.  Plaintiff is informed and believes that this Defendant has an online presence, which includes, but is not limited to, Facebook and Yelp.

5.    Plaintiff is informed and believes, and thereon alleges, that Defendant Mucha Lucha Libre Taco Shop 5 LLC is an Arizona limited liability company having its principal place of business at 16754 E. Glenbrook Blvd., Fountain Hills, AZ 85268. Plaintiff is informed and believes, and thereon alleges, that Mucha Lucha Libre Taco Shop 5 LLC has opened or intends to open, own, and operate a restaurant using the name Mucha Lucha Libre Taco Shop in the near future, and has begun using the name in preparation for its opening.  Plaintiff is informed and believes, that Mucha Lucha Libre Taco Shop 5 LLC has an online presence, which includes, but is not limited to, Facebook and Yelp.

6.    Plaintiff is informed and believes, and thereon alleges, that Defendant Mucha Lucha Libre Taco Shop 6 LLC is an Arizona limited liability company having its principal place of business at 2114 S Los Feliz Dr., Tempe, Arizona.  Plaintiff is informed and believes, and thereon alleges, that Mucha Lucha Libre Taco Shop 6 LLC opened a restaurant in Peoria, Arizona in August 2016, which operates under the name Mucha Lucha Taco Shop.  Mucha Lucha Libre Taco Shop 6 LLC has an online presence, which includes, but is not limited to, Facebook and Yelp.

7.    Plaintiff is informed and believes, and thereon alleges, that Defendant

3

Case No.

COMPLAINT

Mucha Lucha Bar & Grill LLC is an Arizona limited liability company having its principal place of business at 1644 S. Dobson Rd., Mesa, AZ 85202.  Plaintiff is informed and believes, and thereon alleges, that Mucha Lucha Bar & Grill LLC has opened or intends to open, own, and operate a restaurant using the name Mucha Lucha Libre Taco Shop in the near future, and has begun using the name in preparation for its opening.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendant Santos Lucha Libre Taco Shop 2 LLC is an Arizona limited liability company having its principal place of business at 7620 E McKellips Rd., Ste. 14, Scottsdale, Arizona. Plaintiff is informed and believes, and thereon alleges, that Santos Lucha Libre Taco Shop 2 LLC owns and operates a restaurant under the name Mucha Lucha Taco Shop located at this same address.  This Defendant has an online presence, which includes, but is not limited to, Facebook and Yelp.

9.     Plaintiff is informed and believes, and thereon alleges, that Defendant Jaime Zarraga is an Arizona citizen residing in Phoenix, Arizona.  Plaintiff is informed and believes, and thereon alleges, that Mr. Jaime Zarraga is a principal, officer, director, employee and/or agent of Defendant Mucha Lucha Libre Taco Shop 1 LLC, Defendant Mucha Lucha Libre Taco Shop 3 LLC, Mucha Lucha Libre Taco Shop 5 LLC, Mucha Lucha Bar & Grill LLC and Defendant Santos Lucha Libre Taco Shop 2 LLC.   On information and belief, Mr. Jaime Zarraga has an ownership interest in each of these entities.

10.     Plaintiff is informed and believes, and thereon alleges, that Defendant Caleb James Zarraga is an Arizona citizen residing in the state of Arizona.  Plaintiff is informed and believes, and thereon alleges, that Caleb James Zarraga is the son of Defendant Jaime Zarraga.  Plaintiff is informed and believes, and thereon alleges, that Defendant Caleb James Zarraga is a principal, officer, director, employee and/or agent of Defendant Mucha Lucha Libre Taco Shop 6 LLC

11.     Plaintiff is informed and believes, and thereon alleges, that Defendant Beatriz Canales is an Arizona citizen residing in Phoenix, Arizona.  Plaintiff is informed

4

and believes, and thereon alleges, that Ms. Canales is a principal, officer, director, employee and/or agent of Defendant Mucha Lucha Libre Taco Shop 1 LLC and Defendant Santos Lucha Libre Taco Shop 2 LLC.  On information and belief, Ms. Canales has an ownership interest in both of these entities.

12.    Plaintiff is informed and believes, and thereon alleges, that Defendant Fernandeo Espinoza is an Arizona citizen residing in Phoenix, Arizona.  Plaintiff is informed and believes, and thereon alleges, that Mr. Espinoza is a principal, officer, director, employee and/or agent of Defendant Santos Lucha Libre Taco Shop 2 LLC.  On information and belief, Mr. Espinoza has an ownership interest in Defendant Santos Lucha Libre Taco Shop 2 LLC.

13.    Plaintiff is informed and believes, and thereon alleges, that Defendant Esmeralda Bugarin is an Arizona citizen residing in Tempe, Arizona.  Plaintiff is informed and believes, and thereon alleges, that Ms. Bugarin is a principal, officer, director, employee and/or agent of Defendant Mucha Lucha Libre Taco Shop 3 LLC.  On information and belief, Ms. Bugarin has an ownership interest in Defendant Mucha Lucha Libre Taco Shop 3 LLC.

14.    Plaintiff is informed and believes, and thereon alleges, that Defendant Santos Aguilar resides in Arizona and is a principal, officer, director, employee and/or agent of Defendant Mucha Lucha Libre Taco Shop 6 LLC.  On information and belief, Mr. Aguilar has an ownership interest in Defendant Mucha Lucha Libre Taco Shop 6 LLC.

15.    Plaintiff is informed and believes, and thereon alleges, that Defendant Manuel De Jesus Coronado Lugo is an Arizona citizen residing in Fountain Hills, Arizona and is a principal, officer, director, employee, and/or agent of Defendant Mucha Lucha Libre Taco Shop 5 LLC.  On information and belief, Mr. Lugo has an ownership interest in Defendant Mucha Lucha Libre Taco Shop 5 LLC.

16.    The true names and capacities of the defendants sued herein as DOES 1 through 15, inclusive, are unknown to Plaintiff, who therefore sues said defendants by

5

Case No.

COMPLAINT

1    such fictitious names.  Plaintiff will amend this Complaint to allege the true name and
2    capacity of each such DOE defendant when the same is ascertained.

3         17.    Plaintiff is informed and believes, and thereon alleges that, at all times
4    relevant hereto, each of the Defendants was acting in concert and in active participation
5    with each of the other Defendants in committing the wrongful acts herein alleged and each
6    of the Defendants was the agent of each of the other Defendants, and, in doing the things
7    herein alleged, each of the Defendants was acting within the scope of his, her or its agency
8    and was subject to and under the supervision of, his, her or its co-defendants.

9         18.    Plaintiff is informed and believes, and thereon alleges that each of the
10   individual Defendants is either an alter ego of Defendant Mucha Lucha Libre Taco Shop
11   1, Defendant Mucha Lucha Libre Taco Shop 3, Defendant Mucha Lucha Libre Taco Shop
12   6, Defendant Mucha Lucha Libre Taco Shop 5, Defendant Mucha Lucha Bar & Grill
13   LLC, or Defendant Santos Lucha Libre Taco Shop 2 LLC, possesses the right and/or
14   ability to supervise the relevant marketing and sales complained of in this Complaint, has
15   obvious and direct financial interests in such conduct, has engaged in conduct that forms
16   part of or furthers the claims for relief alleged in this Complaint, and/or provides the
17   means to the activities and action underlying these claims for relief by virtue of services,
18   machinery, finances or goods contributed.  Each of the Defendants is therefore also liable
19   under theories of vicarious liability, direct infringement, contributory infringement, and/or
20   inducing infringement.

21                          **JURISDICTION AND VENUE**

22        19.    This Court has subject matter jurisdiction over this action pursuant to 28
23   U.S.C. § 1331 [federal question], 28 U.S.C. §§ 1338(a) and (b) [acts of Congress relating
24   to trademarks, and unfair competition claims joined therewith] and 28 U.S.C. § 1367(a)
25   [supplemental jurisdiction over related actions arising under state law].  This Court also
26   has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), in that the parties are citizens
27   of different states; the amount in controversy exceeds $75,000.00, exclusive of interest
28   and costs, and the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a) is

Case No.
COMPLAINT

1  consistent with the jurisdictional requirements of 28 U.S.C. § 1332.

2      20.    This Court has personal jurisdiction over Defendants because Defendants
3  reside in this district and engage in continuous and systematic general business contacts
4  within the state of Arizona.  Defendants have purposefully directed their conduct towards
5  this judicial district and purposefully availed themselves of the benefits and protections of
6  Arizona law by doing business in this state, including, but not limited to, actively
7  marketing and promoting their restaurants that bear the infringing trademark and trade
8  dress at issue in this case, and incorporating their restaurants in the State of Arizona.
9  Specifically, on information and belief, Defendants also actively advertise and promote
10  their restaurants to consumers through the Internet, including, but not limited to, on
11  Facebook® and Instagram®.

12      21.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c)
13  because all Defendants reside in, conduct their business in, and are subject to the court's
14  personal jurisdiction in this judicial district, and a substantial part of the events giving rise
15  to the claims occurred in this judicial district.

16                          **FACTUAL ALLEGATIONS**
17                        **Plaintiff and the Lucha Libre Marks**

18      22.    Plaintiff is the owner and operator of the popular restaurant Lucha Libre
19  Gourmet Taco Shop with locations at 1810 W. Washington Street in the Mission Hills
20  neighborhood of San Diego, California and 3016 University Avenue, San Diego,
21  California in the North Park neighborhood of San Diego, California.  In addition, Plaintiff
22  has a restaurant location within Petco Park, Home of the San Diego Padres, located at 100
23  Park Blvd., San Diego, California.  Collectively, these locations shall be referred to as
24  "Plaintiff's Restaurants."

25      23.    Plaintiff's Restaurants offer a vibrant and distinctive dining experience
26  featuring very bright colors in a French Rococo style infused with Mexican wrestling-
27  themed decor and epicurean cuisine, a combination of which is not typically associated
28  with a taco shop.  Further information regarding Plaintiff's Restaurants can be found on

its website at www.tacosmackdown.com.

24. Prior to opening Plaintiff's Restaurants, Plaintiff was the owner and operator of a catering company in San Diego operating under the names Lucha Libre Taco Shop and Lucha Libre Gourmet Taco Shop, and it is this business that evolved into Plaintiff's Restaurants.

25. Plaintiff has expended significant sums advertising, promoting, and marketing its catering company and Lucha Libre Gourmet since January 10, 2007.

26. Since the opening of the first restaurant location on or about January 15, 2008, Plaintiff's Restaurants have enjoyed tremendous success locally in San Diego, and have been featured in or given awards by, among others, the following publications:

| YEAR | PUBLICATION | ACCOLADES/FEATURES |
|---|---|---|
| 2008 | Nostika | Featured in March 2008 edition |
| 2008 | Night and Day, Union Tribune | Featured in April 2008 edition |
| 2008 | The Point Weekly | Featured in April 2008 edition |
| 2008 | 944 Magazine | Featured in June 2008 edition |
| 2008 | San Diego Union Tribune | Featured on the front page on the July 31, 2008 edition. |
| 2008 | City Beat | Featured in August and November 2008 editions |
| 2008 | San Diego Magazine | Featured in December 2008 edition |
| 2008-2016 | San Diego A-List | Best Burrito in San Diego |
| 2009 | City Beat | Featured in April 2009 edition |
| 2009 | 944 Magazine | Featured in May 2009 edition |
| 2009 | San Diego Magazine | Featured in June 2009 edition |
| 2009 | Rage Magazine | Featured in October 2009 edition |
| 2009 | San Diego Reader | Featured in the August and November 2009 editions |
| 2009 | 944 Magazine | Featured in November 2009 edition |
| 2009 | Nug Magazine | Featured in November 2009 edition |
| 2010 | Food Network Magazine | Featured in June 2010 edition |
| 2010 | Budget Travel Magazine | Featured in June 2010 edition |

8

COMPLAINT

Case No.

| YEAR | PUBLICATION | ACCOLADES/FEATURES |
|------|-------------|--------------------|
| 2010 | Enroute (Air Canada) | Featured in August 2010 edition |
| 2010 | San Diego Reader | Featured in October 2010 edition |
| 2010 | San Diego Magazine | Featured in December 2010 edition |
| 2011-2013 | San Diego City Beat | Best Taco Shop (featured in Best of San Diego Edition in 2011) |
| 2011 | San Diego Reader | Featured in October 2011 edition |
| 2012-Present | Fedor's San Diego | Featured from 2012 to present |
| 2012 | Ranch and Coast Magazine | San Diego's Best Restaurants |
| 2012 | LightHouse San Diego | Featured in Edition #227 |
| 2012 | The Aztec (SDSU) | Featured in June 2012 edition |
| 2012 | San Diego Magazine | Featured in June 2012 edition |
| 2012 | San Diego Uptown News | Featured in the July 2012 edition |
| 2012 | City Beat | Featured in October 2012 edition |
| 2013-Present | Zagat Guide | Featured from 2013 to present |
| 2013 | San Diego Magazine | Best Burrito (Reader's Pick) |
| 2013 | Business Insider Magazine | *The Coolest Small Businesses in San Diego* |
| 2013 | Chefs Feed | Best Things to Eat in San Diego |
| 2013 | Atals Obscura | Best Places in the World |
| 2013 | UFC 360 Magazine | Featured in April 2013 edition |
| 2013 | San Diego Magazine | Featured in June 2013 edition |
| 2013 | City Beat | Featured in October 2013 edition |
| 2014 | San Diego Magazine | Best Chips and Salsa (Critic's Pick) |
| 2014 | San Diego Magazine | Best Burrito Runner-up |
| 2014 | Guys Bite Out | San Diego's Best California Burrito |
| 2014 | Score Big | The 10 Best New Restaurants in the MLB |
| 2014 | Zagat | The Best Tijuana-Style Hot Dogs in San Diego |
| 2014 | Discover San Diego | San Diego's 10 Best Burritos |
| 2014 | ABC 10 News | Top SD Restaurants for Tacos |
| 2014 | San Diego | Featured in June 2014 edition |

9

| YEAR | PUBLICATION | ACCOLADES/FEATURES |
| --- | --- | --- |
| | Magazine | |
| 2014 | City Beat | Featured in October 2014 edition |
| 2015 | San Diego City Beat | Best Burrito |
| 2015 | Business Insider | Best Ballpark Foods |
| 2015 | The Culture Trip | Top 10 Things to See and Do in San Diego |
| 2015 | Spoon University | 31 Things to Eat in San Diego Before You Die |
| 2015 | Tabelog | 10 Best Mexican Restaurants in San Diego, California |
| 2015 | Locale Magazine | 11 Breakfast burritos in San Diego You Have to Eat Right Now |
| 2015 | Zagat | 15 Super-Hot Tacos in San Diego |
| 2015 | Business Insider Magazine | The 50 Best Tacos in America (Ranked #11) |
| 2015 | Locale Magazine | OMG: Best Food Challenges in San Diego |
| 2015 | THRILLIST | The 33 Best Burritos in America |
| 2015 | Good Eats San Diego | San Diego Best Restaurant |
| 2015 | Locale Magazine | 6 Restaurants Celebrities Rave About |
| 2015 | FoodieHub | Tastiest Fast Feasts in North America (Regional Specialty Winner) |
| 2015 | City Beat | Featured in October 2015 edition |
| 2016 | Expedia | 21 of the best Mexican restaurants in SoCal |
| 2016 | San Diego Union Tribune | 24 All Star Eats at Petco Park |
| 2016 | Eater San Diego | 12 of the most epic Breakfast Burritos |
| 2016 | Discover SD | Top 15 dishes for under $15 in SD |
| 2016 | San Diego Magazine | Featured in June 2016 edition |
| 2016 | Zagat | 10 Totally Unique Restaurants in San Diego |

27.    Plaintiff's Restaurants have also garnered national attention for both their unique décor and delicious, high-quality food and regularly receive visitors from all over the country, including from Phoenix, Tempe, and Scottsdale, Arizona, where Defendants' restaurants are located.  Plaintiff's Restaurants were prominently featured on the season premiere of the Travel Channel's *Man v. Food* in 2010, a portion of which can be viewed on the Internet at www.youtube.com/watch?v=a47pPdG15wo.    Plaintiff's Restaurants have also been featured on a variety of other television programs which include, but are

not limited to, the following:

| AIR DATE | CHANNEL | TELEVISION PROGRAM |
|---|---|---|
| 2008-2016 | KUSI, FOX, ABC, NBC, WB | Local TV Appearances |
| 11/5/2009 | Univision | Despierta San Diego |
| 6/16/2010 | Travel Chanel | Man vs. Food |
| 3/3/2011 | Radar (AOL Music) | Nortic Collective Interview |
| 4/20/2011 | FireFly Films | Lucha Libre Taco Shop Feature |
| 2011 | Seattle KING 5 | Everything Magazine |
| 2/22/2012 | Travel Chanel | Adam Richman's Amazing Eats |
| 4/5/2012 | Youtube | Road Trippin (San Diego |
| 6/23/2013 | Travel Chanel | Destination Showdown |
| 7/22/2013 | Spike TV | Subaru "Comic Con" Promo |
| 8/26/2014 | Travel Chanel | Food Paradise |
| 9/11/2014 | Time Warner Cable | Let's Eat |
| 5/28/2015 | FYI Network | "Broke Bites: What The Fung?!" |
| 10/9/2015 | FUSE Network | Fluffy Breaks Even |
| 12/20/2015 | Canal 22 Internacional | En Ruta |
| 1/19/2016 | Cooking Chanel | Junk Food Flip |
| 5/4/2016 | HLN Network (CNN) | The Daily Share |
| 7/12/2016 | MLB Network | MLB Tonight (All Star Game) |
| 2016 | Documentary | Burrito on the Border |

28.     Plaintiff's Restaurants have also generated a significant amount of attention on social media.   As of the date this Complaint was filed, the Facebook page for Plaintiff's Restaurants indicated over 20,000 "Likes", with over 99,700 Facebook users "checking in."  Plaintiff's Restaurants also have almost 8,000 followers on Instagram.  A review of comments on the Internet and social media demonstrates that diners rave about Plaintiff's Restaurants not only for their delicious cuisine, but also for the fun and distinctive dining atmosphere.

29.     Furthermore, Plaintiff's Restaurants consistently receive excellent reviews from critics, food bloggers and diners.  For example, Plaintiff's Restaurants have received

1   an 88% "Like it" review on Urbanspoon (prior to becoming Zomato), a 4.2/5 rating on

2   Zomato, a 4.2/5 Google reviews, an overall 4-star rating on Yelp with over 5,500 reviews,

3   a 9.3/10 rating by diners on Foursquare, and is currently ranked #124 out of 3,765

4   Restaurants in San Diego on TripAdvisor.

5       30.    The vivacious and distinctive dining concept originated, developed, and

6   created at Plaintiff's Restaurants include the unexpected twist of Mexican-style food

7   served in an atmosphere of French rococo style of decoration infused with gaudy, overly

8   bright colors accented by accessories from the 1950's.

9       31.    The atmosphere and décor at Plaintiff's Restaurants was carefully designed

10  and chosen to reflect the same vibrant, high spirits often displayed in Mexican Lucha

11  Libre wrestling.   The atmosphere and décor are particularly distinctive given the

12  unexpected use of bright and traditionally feminine colors and elements not typically

13  associated with a restaurant featuring wrestling or offering Mexican cuisine.   Attached

14  hereto as **Exhibit A** are true and correct copies of photos of Plaintiff's Restaurants.  Key

15  elements of the design include, but are not limited to, the following:

16              a.  Hot pink, black, and light blue overall color scheme;

17              b.  Walls and interior of restaurant painted hot pink with light blue and gold

18                  accents;

19              c.  Mexican wrestling-themed decorations;

20              d.  Mexican wrestling masks displayed on the walls and offered for sale;

21              e.  A distinctive logo reflecting the interior colors of the restaurant, using

22                  vibrant shades of hot pink, light blue, and black;

23              f.  Masked wrestler photographs adorning the walls;

24              g.  An oversized painting of a vintage Mexican wrestler (a "Luchador");

25              h.  Gold frames around wall photos;

26              i.  Black and white zebra striped chairs, each with a different Mexican

27                  wrestling mask embedded between the upholstery and transparent chair

28                  cover;

12

Case No.

COMPLAINT

j.   An oversized metallic gold diamond tuck upholstered "Champions Booth";

k.   Black tuck upholstery on booths and all surrounding walls;

l.   A gold vintage 1950's television;

m.  Hand-painted Mexican wrestling portraits;

n.   Autographed Lucha Libre wrestling memorabilia;

o.   Gold chandeliers and disco ball hanging from ceiling;

p.   Bathrooms that continue the trade dress theme, including one decorated with photos and artwork of Mexican wrestlers and masks, and the other painted pink with ornate French Rococo style gold frames around artwork and zebra print accents; and

q.   Custom Mexican wrestling themed pop art.

32.   Plaintiff is the owner of the following United States Registered Trademarks (hereinafter, collectively, "the Lucha Libre Marks"):

| Mark | Reg. No. | Class/Goods | Reg. Date |
|------|----------|-------------|-----------|
| LUCHA LIBRE GOURMET TACO SHOP | 4632015 | Class 43: Restaurant and catering services. | Nov. 4, 2014 |
| LUCHA LIBRE TACO SHOP | 4632014 | Class 43: Restaurant and catering services. | Nov. 4, 2014 |
| LUCHA LIBRE | 4632010 | Class 43: Restaurant and catering services. | Nov. 4, 2014 |

Attached as **Exhibit B** are true and correct copies of printouts from Trademark Status and Document Retrieval (TSDR) showing current registration of the Lucha Libre Marks on the Principal Register.  Plaintiff also claims common law rights associated with the Lucha Libre Marks.

33.   Plaintiff has been substantially exclusively and continuously using the Lucha Libre Marks in connection with its catering service and Lucha Libre offering restaurant services since at least as early as January 10, 2007.

COMPLAINT                    Case No.

34.     Plaintiff is also the owner of a United States Trade Dress Registration for its restaurant design and décor which bears the Registration No. 4834592 (hereafter the "Lucha Libre Trade Dress").   Attached as **Exhibit C** are true and correct copies of printouts from Trademark Status and Document Retrieval (TSDR) showing current registration of Plaintiff's trade dress on the Principal Register.   Plaintiff also claims common law rights associated with the Lucha Libre Trade Dress.

35.     Plaintiff has been substantially exclusively and continuously using the Lucha Libre Trade Dress in connection with its restaurant services since January 15, 2008.

**Defendants' Infringement of Plaintiff's Registered and Common Law Trademarks and Trade Dress**

36.     At some date after Plaintiff began using its Lucha Libre Marks and Lucha Libre Trade Dress, Defendant Jaime Zarraga, Defendant Canales, and Defendant Espinoza, individually or acting in concert with one another and the other Defendants, formed a limited liability company based in Scottsdale, Arizona under the business name "Santos Lucha Libre Taco Shop 2 LLC" and began operating a restaurant located at 7620 E. McKellips Rd., Ste. 14, Scottsdale, Arizona under the name "Mucha Lucha Taco Shop" (hereinafter, "Restaurant 1").   Restaurant 1 has the same or confusingly similar name, décor, and trade dress as Plaintiff's Restaurants.   On information and belief, Defendants Santos Lucha Libre Taco Shop 2 LLC, Defendant Jaime Zarraga, Defendant Canales, and Defendant Espinoza are engaged in the business of offering for sale and selling in interstate commerce restaurant services that infringe Plaintiff's intellectual property rights.

37.     At some date after Plaintiff began using its Lucha Libre Marks and Lucha Libre Trade Dress, Defendant Jaime Zarraga, and Defendant Canales, either individually or in concert with one another and the other Defendants, formed a limited liability company based in Tempe, Arizona under the business name "Mucha Lucha Libre Taco Shop 1 LLC" and began operating a restaurant at 818 West Broadway Road under the name "Mucha Lucha Taco Shop" (hereinafter, "Restaurant 2").   Restaurant 2 has the same or confusingly similar name, décor, and trade dress as Plaintiff's restaurants.    On

14

information and belief, Defendants Mucha Lucha Libre Taco Shop 1, Defendant Jaime Zarraga, and Defendant Canales are engaged in the business of offering for sale and selling in interstate commerce restaurant services that infringe Plaintiff's intellectual property rights.

38.     At some date after Plaintiff began using its Lucha Libre Marks and Lucha Libre Trade Dress, Defendant Jaime Zarraga and Defendant Bugarin, either individually or in concert with one another and the other Defendants, formed a limited liability company based in Phoenix, Arizona under the name "Mucha Lucha Libre Taco Shop 3 LLC" and began operating a restaurant at 1112 E. Mission Ln, Phoenix, AZ (located in the Paradise Valley Mall) under the name "Mucha Lucha Taco Shop" (hereinafter, "Restaurant 3").   Restaurant 3 has the same trade name, décor, and trade dress as Plaintiff's Restaurants.  On information and belief, Defendant Mucha Lucha Libre Taco Shop 3 LLC, Defendant Jaime Zarraga, Defendant Canales, and Defendant Espinoza are engaged in the business of offering for sale and selling in interstate commerce restaurant services that infringe Plaintiff's intellectual property rights.

39.     At some date after Plaintiff began using its Lucha Libre Marks and Lucha Libre Trade Dress, Defendant Jaime Zarraga and Defendant Lugo, either individually or in concert with one another and the other Defendants, formed a limited liability company based in Fountain Hills, Arizona under the name "Mucha Lucha Libre Taco Shop 5 LLC" and have begun or intend to begin operating a restaurant under the name "Mucha Lucha Libre Taco Shop" (hereinafter, "Restaurant 4").  On information and belief, Defendant Mucha Lucha Libre Taco Shop 5 LLC, Defendant Jaime Zarraga, and Defendant Lugo are engaged in the business of offering for sale and selling in interstate commerce restaurant services that infringe Plaintiff's intellectual property rights.

40.     At some date after Plaintiff began using its Lucha Libre Marks and Lucha Libre Trade Dress, Defendant Jaime Zarraga and Defendant Aguilar, either individually or in concert with one another and the other Defendants, formed a limited liability company based in Tempe, Arizona under the name "Mucha Lucha Libre Taco Shop 6 LLC" and

COMPLAINT                          Case No.

began operating a restaurant at 7558 W Thunderbird Rd, Peoria, AZ under the name "Mucha Lucha Taco Shop" (hereinafter, "Restaurant 5").   On information and belief, Defendant Mucha Lucha Libre Taco Shop 6 LLC, Defendant Jaime Zarraga, Defendant Aguilar, and Defendant Caleb James Zarraga are engaged in the business of offering for sale and selling in interstate commerce restaurant services that infringe Plaintiff's intellectual property rights.

41.    At some date after Plaintiff began using its Lucha Libre Marks and Lucha Libre Trade Dress, Defendant Jaime Zarraga, either individually or in concert with the other Defendants, formed a limited liability company based in Mesa, Arizona under the name "Mucha Lucha Bar & Grill LLC" and has begun or intends to begin operating a restaurant under the name "Mucha Lucha Libre Taco Shop" (hereinafter, "Restaurant 6"). On information and belief, Defendant Mucha Lucha Bar & Grill LLC and Defendant Jaime Zarraga are engaged in the business of offering for sale and selling in interstate commerce restaurant services that infringe Plaintiff's intellectual property rights.

42.    Like Plaintiff's Lucha Libre Marks, Defendants' use of Santos Lucha Libre Taco Shop, Mucha Lucha Libre Taco Shop and Mucha Lucha Taco Shop incorporate the identical elements "Lucha Libre," "Lucha, "Taco," and/or "Shop."

43.    Like Plaintiff's Restaurants, Defendants offer Mexican wrestling-themed eateries that serve Mexican style food.

44.    Like Plaintiff's Restaurants, Defendants offer dining experiences that incorporate the same or highly similar themes and décor as Plaintiff's Restaurants and Registered Trade Dress including, but not limited to, the following elements:

     a.   A hot pink, black, and light blue overall color scheme;

     b.   Walls and interior of restaurant painted hot pink with light blue and gold accents;

     c.   Masked wrestler photographs adorning the walls;

     d.   Oversized paintings of vintage Mexican wrestlers ("Luchadors");

     e.   Mexican wrestling-themed decorations;

16

Case No.

COMPLAINT

f.   Mexican wrestling masks displayed on the walls;

g.   Hand-painted Mexican wrestling portraits; and

h.   Disco balls hanging from the ceiling.

45.   Attached as **Exhibit D** to this Complaint are true and correct copies of photos of the Mucha Lucha Libre Taco Shop in Scottsdale, Arizona owned and operated by Defendant Santos Lucha Libre Taco Shop 2 LLC.

46.   Attached as **Exhibit E** to this Complaint are true and correct copies of photos of the Mucha Lucha Libre Taco Shop in Tempe, Arizona owned and operated by Defendant Mucha Lucha Libre Taco Shop 1 LLC.

47.   Attached as **Exhibit F** to this Complaint are true and correct copies of photos of the Mucha Lucha Libre Taco Shop in Phoenix, Arizona owned and operated by Defendant Mucha Lucha Libre Taco Shop 3 LLC.

48.   Attached as **Exhibit G** to this Complaint are true and correct copies of photos of the Mucha Lucha Taco Shop in Peoria, Arizona owned and operated by Defendant Mucha Lucha Libre Taco Shop 6 LLC.

49.   On or about June 2016, Plaintiff became aware of the existence of Defendants' restaurants in Phoenix, Tempe, and Scottsdale, Arizona.

50.   On or about August 2016, Plaintiff became aware of the existence of Defendants' restaurants in Fountain Hills and Mesa, Arizona.

51.   There have been several instances of actual confusion or potential actual confusion between Plaintiff's Restaurants and Defendants' restaurants.  Several online social media posts on Instagram suggest that consumers believe or may believe Defendants' restaurants are associated with Plaintiffs' Restaurants and the Lucha Libre Marks, as evidenced by the inclusion of the hashtags #luchalibretacoshop and #luchalibre when referring to Defendants' restaurant services.  Copies of the Instagram postings are attached hereto as **Exhibit H**.

52.   This is not the first instance that at least one of the Defendants has been involved with a restaurant that has been found to infringe Plaintiff's Lucha Libre Marks

17

COMPLAINT

Case No.

and trade dress.  Plaintiff previously obtained a judgment from the United States District Court Southern District of California against Santos Lucha Libre Taco Shop LLC ("Santos Lucha Libre") and its owner Martina Guzman for trademark and trade dress infringement of the Lucha Libre Marks and restaurant design.  In that matter, Plaintiff was awarded reasonable costs and fees and a permanent injunction preventing Santos Lucha Libre, Ms. Guzman, and any of their agents, servants, employees, and all persons in active convert or participation with any of them from using Plaintiff's trademark or protectable trade dress.     That matter was assigned Case No. 14-cv-1518BTM(BLM), and the judgment is attached hereto as **Exhibit I** (the "Prior Action").  In connection with the Prior Action, Defendant Jaime Zarraga contacted Plaintiff's counsel by telephone on or about April 21, 2014, and held himself out to be a representative of Santos Lucha Libre and Ms. Guzman in response to a cease and desist letter sent by Plaintiff.  Plaintiff therefore contends that at least Defendant Jaime Zarraga has actual knowledge of Plaintiff's trademarks and trade dress, yet continues to use both in connection with Restaurant 1, Restaurant 2, Restaurant 3, and Restaurant 4, Restaurant 5, and Restaurant 6.

53.     On information and belief, Plaintiff further asserts that Defendant Jaime Zarraga may have been an agent, servant, or employee of, or have been acting in concert or participation with Santos Lucha Libre Taco Shop LLP and may therefore be in contempt of court in the Prior Action due to the continuing infringement of the Lucha Libre Marks and trade dress.

**<u>FIRST CAUSE OF ACTION</u>**

**FEDERAL TRADEMARK INFRINGEMENT (TRADEMARK)**

**[15 U.S.C. § 1114(1)(a)]**

54.     Plaintiff repeats, re-alleges, and incorporates Paragraphs 1-53 as though fully set forth in this cause of action.

55.     Plaintiff owns several federal trademark registrations for, or containing, the Lucha Libre Marks in connection with restaurant and catering services in International

18

Class 43.   True and correct copies of Plaintiff's Registrations are attached hereto as **Exhibit B**.

56.     Plaintiff has owned and has continuously used the Lucha Libre Marks for many years preceding Defendants' use of the Mucha Lucha Libre Taco Shop, Mucha Lucha Taco Shop, Mucha Lucha Bar & Grill, or Santos Lucha Libre Taco Shop marks in connection with restaurant services.

57.     As a result of Plaintiff's substantial marketing and promotional efforts and the tremendous success of Plaintiff's catering and restaurant services, consumers immediately associate the Lucha Libre Marks with Plaintiff.

58.     Defendants' use in commerce of the Lucha Libre Marks, or a mark or marks confusingly similar thereto, in connection with the offering of restaurant services, is likely to cause confusion, or to deceive consumers, who are likely to believe erroneously that Defendants' services originate from the same source as Plaintiff's services, or are endorsed, authorized, sponsored, or approved by Plaintiff or are otherwise affiliated, connected, or associated with Plaintiff, when in fact they are not.

59.     Defendants adopted the Lucha Libre Marks, or a mark or marks that are confusingly similar thereto, with knowledge that use of the Lucha Libre Marks would cause confusion, mistake, or deception, and has knowingly and willfully infringed Plaintiff's trademark rights and deliberately exploited the substantial goodwill associated with the Lucha Libre Marks.  Plaintiff is informed and believes, and on that basis alleges, that Defendants selected the Santos Lucha Libre Taco Shop, Mucha Lucha Libre Taco Shop, Mucha Lucha Bar & Grill, and Mucha Lucha Taco Shop names with the express intent to cause confusion and to deceive consumers into believing that Defendants' services emanate from Plaintiff.

60.     By reason of Defendants' use of the Lucha Libre Marks, or a mark or marks confusingly similar thereto, Defendants have infringed Plaintiff's rights in the Lucha Libre Marks.

COMPLAINT

Case No.

61.     Defendants' activities have been intentional, willful, deliberate, and in bad faith, and have continued in spite of Defendants' knowledge that their use of the Lucha Libre Marks, or a mark or marks confusingly similar thereto, directly contravenes Plaintiff's rights.

62.     Defendants are acting intentionally, willfully, and in bad faith, with the intent to diminish Plaintiff's property rights and control over the Lucha Libre Marks, and with the intent to exploit the goodwill represented by the Lucha Libre Marks, by deceiving and misleading the consuming public as to whether Defendants' services are sponsored, endorsed, or approved by and/or affiliated, connected or otherwise associated with Plaintiff or its goods and services.

63.     Plaintiff has no adequate remedy at law to compensate it for the injuries suffered and threatened.

64.     Defendants' conduct has caused, and if not enjoined, will continue to cause, irreparable harm to Plaintiff's rights in the Lucha Libre Marks and its Registrations, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but that will be proven at trial.

## SECOND CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT (TRADE DRESS)

## [15 U.S.C. § 1114(1)(a)]

65.     Plaintiff repeats, re-alleges, and incorporates Paragraphs 1-64 as though fully set forth in this cause of action.

66.     Plaintiff owns a federal trademark registration for the Lucha Libre Trade Dress in connection with restaurant services in Class 43.   A true and correct copy of Plaintiff's Registration is attached hereto as **Exhibit C**.

67.     Plaintiff has owned and has continuously used the Lucha Libre Trade Dress for many years preceding Defendants' use of similar trade dress in connection with their restaurants.

68.    As a result of Plaintiff's substantial marketing and promotional efforts and the tremendous success of Plaintiff's restaurant services, consumers immediately associate the Lucha Libre Trade Dress with Plaintiff.

69.    Defendants' restaurants copy and infringe these trade dress rights.

70.    Defendants' use of the Lucha Libre Trade Dress, or trade dress confusingly similar thereto, is without permission, authorization, or consent.

71.    Defendants' use in commerce of the Lucha Libre Trade Dress, or trade dress confusingly similar thereto, is likely to cause confusion, or to deceive consumers, who are likely to believe erroneously that Defendants' services originate from the same source as Plaintiff's services, or are endorsed, authorized, sponsored, or approved by Plaintiff or are otherwise affiliated, connected, or associated with Plaintiff, when in fact they are not.

72.    Defendants, with knowledge that use of the Lucha Libre Trade Dress would cause confusion, mistake or deception, have knowingly and willfully infringed Plaintiff's trademark rights and deliberately exploited the substantial goodwill associated with Plaintiff's trade dress.  Plaintiff is informed and believes, and on that basis alleges, that Defendants selected their restaurant trade dress with the express intent to cause confusion and to deceive customers into believing that Defendants' services emanate from Plaintiff.

73.    Plaintiff has no adequate remedy at law.  Defendants' conduct has caused, and if not enjoined, will continue to cause, irreparable harm to Plaintiff's rights in the Lucha Libre Trade Dress and its Registration, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but that will be proven at trial.

## <u>THIRD CAUSE OF ACTION</u>

## **FEDERAL UNFAIR COMPETION (TRADEMARK)**

## **[15 U.S.C. § 1125(a)]**

74.    Plaintiff repeats, re-alleges, and incorporates Paragraphs 1-73 as though fully set forth in this cause of action.

COMPLAINT

Case No.

75.    Plaintiff is the rightful owner of the Lucha Libre Marks and owns three United States Patent and Trademark Office registrations for the marks.  The Trademarks are in full force and effect, have been used exclusively and continuously by Plaintiff since at least as early as January 10, 2007, and have not been abandoned.

76.    After Plaintiff adopted the Lucha Libre Marks, Defendants intentionally used and continue to use Plaintiff's Lucha Libre Marks, or a mark or marks confusingly similar thereto, in connection with the promotion, distribution, marketing, advertising for sale, and/or sale of restaurant services.

77.    Defendants' use of the Lucha Libre Marks, or a mark or marks confusingly similar thereto, is without permission, authorization, or consent from Plaintiff.

78.    As a result of Plaintiff's substantial marketing and promotional efforts and the tremendous success of Plaintiff's restaurant using the Lucha Libre Marks, consumers immediately associate the Lucha Libre Marks with Plaintiff.

79.    Defendants' use in commerce of the Lucha Libre Marks, or a mark or marks confusingly similar thereto, in connection with the offering of restaurant services, is likely to cause and indeed has caused, confusion and mistake in the minds of the purchasing public generally, who will mistakenly believe, and have mistakenly believed that Defendants' services are endorsed, authorized, sponsored, or approved by Plaintiff or are otherwise affiliated, connected, or associated with Plaintiff, when in fact they are not.

80.    Defendants intentionally adopted the Lucha Libre Marks, or a mark or marks that are confusingly similar thereto, to associate with confusingly similar services when they could easily have selected from many other marks.  In so doing, Defendants have used in interstate commerce, on or in the connection with the offering of restaurant services, a false designation of origin, a false and misleading description of fact, or a false and misleading representation of fact, including words, terms, names, devices, and symbols or a combination thereof, which is likely to cause confusion, mistake or to deceive as to the origin, sponsorship, or approval of Defendants' services by Plaintiff or

which misrepresents the nature, characteristics, qualities, or geographic origins of Defendants' services.

81.     Defendants adopted the Lucha Libre Marks, or a mark or marks that are confusingly similar thereto, with knowledge that use of the Lucha Libre Marks would cause confusion, mistake, or deception, and has knowingly and willfully infringed Plaintiff's trademark rights and deliberately exploited the substantial goodwill associated with the Lucha Libre Marks.  Plaintiff is informed and believes, and on that basis alleges, that Defendants selected the Santos Lucha Libre Taco Shop, Mucha Lucha Libre Taco Shop, Mucha Lucha Bar & Grill, and/or Mucha Lucha Taco Shop names with the express intent to cause confusion and to deceive consumers into believing that Defendants' services emanate from Plaintiff.

82.     By reason of Defendants' use of the Lucha Libre Marks, or a mark or marks confusingly similar thereto, Defendants have infringed Plaintiff's rights in the Lucha Libre Marks.

83.     Defendants' activities have been intentional, willful, deliberate, and in bad faith, and have continued in spite of Defendants' knowledge that their use of the Lucha Libre Marks, or a mark or marks confusingly similar thereto, directly contravenes Plaintiff's rights.

84.     Defendants are acting intentionally, willfully, and in bad faith, with the intent to diminish Plaintiff's property rights and control over the Lucha Libre Marks, and with the intent to exploit the goodwill represented by the Lucha Libre Marks, by deceiving and misleading the consuming public as to whether Defendants' services are sponsored, endorsed, or approved by and/or affiliated, connected, or otherwise associated with Plaintiff or its goods and services.

85.     Plaintiff has no adequate remedy at law to compensate it for the injuries suffered and threatened.

86.     Defendants' conduct has caused, and if not enjoined, will continue to cause, irreparable harm to Plaintiff's rights in the Lucha Libre Marks, and to its business

reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but that will be proven at trial.

## FOURTH CAUSE OF ACTION

### FEDERAL UNFAIR COMPETITION (TRADE DRESS)

### [15 U.S.C. § 1125(a)]

87.  Plaintiff repeats, re-alleges, and incorporates Paragraphs 1-86 as though fully set forth in this cause of action.

88.  Plaintiff is the rightful owner of registered and common law trade dress rights in the total visual appearance of the Lucha Libre Gourmet Taco Shop, which it has been using since January 15, 2008.

89.  The trade dress includes, but is not limited to, the following elements or features, taken collectively:

    a.  Hot pink, black, and light blue overall color scheme;

    b.  Walls and interior of restaurant painted hot pink with light blue and gold accents;

    c.  Mexican wrestling-themed decorations throughout;

    d.  Mexican wrestling masks displayed on the walls and offered for sale;

    e.  A distinctive logo reflecting the interior colors of the restaurant, using vibrant shades of hot pink, light blue, and black;

    f.  Masked wrestler photographs adorning the walls;

    g.  An oversized painting of a vintage Mexican wrestler (a "Luchador");

    h.  Gold frames around wall photos;

    i.  Black and white zebra striped chairs, each with a different Mexican wrestling mask embedded between the upholstery and transparent chair cover;

    j.  An oversized metallic gold diamond tuck upholstered "Champions Booth";

    k.  Black tuck upholstery on booths and all surrounding walls;

24

Case No.

COMPLAINT

l.   A gold vintage 1950's television;

m.  Hand-painted Mexican wrestling portraits;

n.   Autographed Lucha Libre wrestling memorabilia;

o.   Gold Chandeliers and disco ball hanging from ceiling;

p.   Bathrooms that continue the trade dress theme, including one decorated with photos and artwork of Mexican wrestlers and masks, and the other painted pink with ornate French Rococo style gold frames and artwork and zebra print accents; and

q.   Custom Mexican wrestling themed pop art.

90.   The unique combination of the various elements makes this trade dress distinctive.

91.   Defendants' restaurants copy and infringe these trade dress rights.

92.   Defendants' use of Plaintiff's trade dress, or trade dress confusingly similar thereto, is without permission, authorization or consent;

93.   Defendants' use of Plaintiff's trade dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, sponsorship, or approval by Plaintiff of Defendants' goods, services, or commercial activities.

94.   Defendants' use of Plaintiff's trade dress enables Defendants to benefit unfairly from Plaintiff's reputation and success, thereby giving Defendants infringing sales and commercial value they would not have otherwise.

95.   This trade dress was intentionally copied by Defendants for use in Restaurant 1, Restaurant 2, Restaurant 3, Restaurant 4, Restaurant 5, and/or Restaurant 6. Defendants intentionally adopted Plaintiff's trade dress, or trade dress confusingly similar thereto, to associate with confusingly similar services when they could easily have selected from many other elements of trade dress.  In so doing, Defendants have used in interstate commerce, on or in the connection with the offering of restaurant services, a false designation of origin, a false and misleading description of fact, or a false and

Case No.

COMPLAINT

misleading representation of fact, including the décor, furnishings, color scheme, and/or a combination thereof of the elements identified herein as its trade dress which is likely to cause confusion, mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' services by Plaintiff or which misrepresents the nature, characteristics, qualities, or geographic origins of Defendants' services.

96.     Defendants' use of the trade dress, or trade dress confusingly similar thereto, in connection with the offering of restaurant services, is likely to cause confusion and mistake in the minds of the purchasing public generally, who will mistakenly believe that Defendants' services are endorsed, authorized, sponsored, or approved by Plaintiff, when they are not.  Plaintiff has already identified several social media posts which reflect actual consumer confusion.

97.     Prior to Defendants' first use of Plaintiff's trade dress, Defendants were aware of Plaintiff's business and had either actual notice and knowledge, or constructive notice of Plaintiff's trade dress.

98.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' infringement of Plaintiff's trade dress as described herein has been and continues to be intentional, willful, deliberate, and in bad faith, and has continued in spite of Defendants' knowledge that their use of the trade tress, or trade dress confusingly similar thereto, directly contravenes Plaintiff's pre-existing rights.

99.     Defendants are acting intentionally, willfully, and in bad faith, with the intent to diminish Plaintiff's property rights and control over the trade dress, and with the intent to exploit the goodwill represented by the trade dress, by deceiving and misleading the consuming public as to whether Defendants' services are sponsored, endorsed, or approved by and/or affiliated, connected, or otherwise associated with Plaintiff or its goods and services.

100.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of Plaintiff's trade dress.

101.   Defendants' conduct has caused, and if not enjoined, will continue to cause, irreparable harm to Plaintiff's rights in the Lucha Libre Trade Dress, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but that will be proven at trial.

102.   Plaintiff has suffered and will continue to suffer damages and irreparable harm as a result of Defendants' infringement of Plaintiff's trade dress insofar as Plaintiff's invaluable goodwill is being eroded by Defendants' continuing infringement.  Plaintiff has no remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and good will caused by Defendants' infringing activities.  Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to an injunction against Defendants' continuing infringement of Plaintiff's trade dress.  Unless enjoined, Defendants will continue their infringing conduct, all to Plaintiff's continued damage and irreparable harm.

## FIFTH CAUSE OF ACTION

### COMMON LAW UNFAIR COMPETITION

103.   Plaintiff repeats, re-alleges, and incorporates Paragraphs 1-102 as though fully set forth in this cause of action in their entirety.

104.   Defendants' aforementioned use and intended use of the Lucha Libre Marks, or a mark or marks confusingly similar thereto, and its use of Plaintiff's trade dress, or trade dress confusingly similar thereto, is likely to cause confusion and/or mistake and/or to deceive as to the origin or affiliation of the restaurant services and goods sold by Defendants.

105.   As a direct and proximate cause of Defendants' conduct described herein, Plaintiff has suffered irreparable harm.  Unless Defendants are restrained from further infringement of the Lucha Libre Marks and trade dress, Plaintiff will continue to be irreparably harmed.

106.   Plaintiff has no remedy at law to compensate it for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

## SIXTH CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT

107.   Plaintiff repeats, re-alleges, and incorporates Paragraphs 1-106 as though fully set forth in this cause of action.

108.   Defendants' unauthorized use of the Lucha Libre Marks, or a mark or marks confusingly similar thereto, in connection with its restaurant services constitutes trademark infringement and misappropriation and is likely to cause confusion, deception, and mistake among the consuming public and trade as to the source and authorization of the goods and services provided by Defendants in violation of the common law of the State of Arizona.

109.   By virtue of their conduct as alleged herein, Defendants have engaged in and are engaging in unfair competition and passing off under the common law of the State of Arizona.

110.   Defendants have knowingly and willfully infringed Plaintiff's trademark rights by deliberately exploiting the substantial goodwill associated with Plaintiff's Lucha Libre Marks.  Plaintiff is informed and believes, and on that basis alleges, that Defendants selected their restaurant and business names with the express intent to cause confusion and to deceive consumers into believing that Defendants' goods and services emanate from Plaintiff.

111.   As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law, and is also causing damage to Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

112.   Plaintiff is informed and believes and thereon alleges that Defendants committed the above-alleged acts willfully and maliciously, and with full knowledge and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages.

COMPLAINT                                    Case No.

1

2                                  **SEVENTH CAUSE OF ACTION**

3                       **COMMON LAW TRADE DRESS INFRINGEMENT**

4           113.   Plaintiff repeats, re-alleges, and incorporates Paragraphs 1-112 as though

5   fully set forth in this cause of action.

6           114.   Defendants' actions in incorporating and utilizing the above-described

7   protectable trade dress, or trade dress confusingly similar thereto, constitute trade dress

8   infringement and misappropriation and is likely to cause confusion, deception, and

9   mistake among the consuming public and trade as to the source of, and authorization of

10  the goods and services provided by Defendants in violation of the common law of the

11  State of Arizona.

12          115.   By virtue of their conduct as alleged herein, Defendants have engaged and

13  are engaging in unfair competition and passing off under the common law of the State of

14  Arizona.

15          116.   Defendants have knowingly and willfully infringed Plaintiff's trade dress

16  rights by deliberately exploiting the substantial goodwill associated with Plaintiff's trade

17  dress.  Plaintiff is informed and believes, and on that basis alleges, that Defendants

18  selected their restaurant trade dress with the express intent to cause confusion and to

19  deceive consumers into believing that Defendants' goods and services emanate from

20  Plaintiff.

21          117.   Plaintiff has suffered and will continue to suffer damage and irreparable

22  harm as a result of Defendants' activities.  Unless enjoined, Defendants will continue to

23  act in the unlawful manner complained of herein, all to Plaintiff's damage and irreparable

24  harm.

25          118.   Plaintiff's remedy at law is not adequate to compensate for the injuries

26  suffered and threatened.

27

28

                                                              Case No.

**EIGHTH CAUSE OF ACTION**

**STATE TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

**[A.R.S. § § 44-1441 *et seq.*, 44-1522 *et seq.*]**

119.   Plaintiff repeats, re-alleges, and incorporates Paragraphs 1-118 as though fully set forth in this cause of action.

120.   The acts of Defendants, as described in the preceding paragraphs of this Complaint, constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(a), unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and are therefore unlawful and/or unfair business practices as defined by section 44-1441 *et seq.* of the Arizona Revised Statutes.

121.   Defendants' conduct as alleged herein violates, and threatens to violate, consumer protection laws, including, but not limited to, trademark and trade dress laws, and the policies and spirits of such laws, and otherwise threatens and harms competition.

122.   Defendants' conduct as alleged herein is likely to mislead the general public as to the affiliation, connection, or association of Defendants to Plaintiff, or as to the origin, sponsorship, or approval of the Defendants' goods, services, or commercial activities by Plaintiffs and, consequently, constitutes a fraudulent business act or practice within the meaning of section 44-1522 *et seq.* of the Arizona Revised Statutes.

123.   Plaintiff has invested a significant amount of time, money, and effort in developing the Lucha Libre Marks and trade dress in connection with their restaurant services.  The Lucha Libre Marks and trade dress represent a significant source of value, including goodwill, to Plaintiff.

124.   Plaintiff is informed and believes, and thereon alleges, that Defendants have acquired excess earnings, profits, and/or benefits from the unlawful, unfair, and/or fraudulent business acts and practices set forth in the preceding paragraphs of this Complaint.  This unjust enrichment continues to occur as Defendants continue to engage in said unlawful, unfair, and/or fraudulent business acts and practices.

125.   Defendants have been trading off and continue to trade off the substantial goodwill of Plaintiff by Defendants' unauthorized use of the Lucha Libre Marks and trade dress in connection with their restaurant services, without providing Plaintiff any compensation related thereto.

126.   Defendants have knowingly and willfully infringed Plaintiff's trademark and trade dress rights by deliberately exploiting the substantial goodwill associated with Plaintiff's Lucha Libre Marks and trade dress.  Plaintiff is informed and believes, and on that basis alleges, that Defendants selected the Lucha Libre Marks, or marks confusingly similar thereto, and trade dress, or trade dress confusingly similar thereto, with the express intent to cause confusion and to deceive consumers into believing that Defendants' products and services emanate from Plaintiff.

127.   As a direct result of Defendants' unfair competition with regard to the Lucha Libre Marks and trade dress, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage and have engaged in, and continue to engage in, wrongful business conduct to Defendants' monetary advantage and to the detriment of Plaintiff.

128.   Plaintiff has no adequate remedy at law.  Defendants' conduct has caused, and if not enjoined, will continue to cause, irreparable harm to Plaintiff's rights in its Lucha Libre Marks and trade dress, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but that will be proven at trial.

129.   Plaintiff is informed and believes and thereon alleges that Defendants committed the above-alleged acts willfully and maliciously, and with full knowledge and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff hereby respectfully prays for the following relief as against Defendants, and each of them, as follows:

31

Case No.

A.     That the Court immediately and permanently enjoin Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with it, from:

      a.  Using the Lucha Libre Marks, or confusingly similar derivations thereof, in connection with restaurant services in Arizona and throughout the United States;

      b.  Using Plaintiff's protectable trade dress, or any trade dress that is a confusingly similar derivation thereof, in connection with restaurant services in Arizona and throughout the United States;

      c.  Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Defendants or any of its officers, directors, predecessors, successors, agents, employees, representatives and all persons, corporations, or other entities acting in concert or participation with Defendants are sponsored, approved, or licensed by Plaintiff, or are in any way connected or affiliated with Plaintiff;

      d.  Otherwise competing unfairly with Plaintiff in any manner; and

      e.  Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(d) above.

B.     That the Court award Plaintiff general, actual, and statutory damages in accordance with proof at trial;

C.     For an accounting and restitution and/or disgorgement of any and all unlawful profits, payments, revenues, monies, and/or royalties derived and/or obtained by Defendants;

D.     For accounting and restitution and/or disgorgement of any and all benefits not encompassed in the preceding paragraph which have or will be derived or obtained by

Case No.

1    Defendants pertaining to the conduct complained of herein;

2        E.    That the Court award Plaintiff exemplary and/or punitive damages;

3        F.    That the Court award Plaintiff its costs of suit and reasonable attorney's

4    fees;

5        G.    That the Court retain jurisdiction of this action for the purpose of enabling

6    Plaintiff to apply to the Court at any time for such further orders and interpretation or

7    execution of any order entered in this action, for the modification of any such order, for

8    the enforcement or compliance therewith and for the punishment of any violations thereof;

9    and

10        H.    For such other and further relief as the Court may deem just and equitable.

11    Dated:  December 23, 2016

12                                    By:

13                                    s/ Christopher B. Ingle

14                                    _____

15                                    Christopher B. Ingle
                                      cingle@inglelawfirm.net
16                                    INGLE LAW FIRM
                                      111 W. Monroe St., Ste. 716
17                                    Phoenix, AZ 85003
                                      Tel: 602-615-8395
18                                    Fax: 602-926-2753

19

20                                    John M. Kim
                                      jkim@ipla.com
21                                    Kristin G. Strojan
                                      kstrojan@ipla.com
22                                    Benjamin S. White
                                      bwhite@ipla.com
23                                    IPLA, LLP
24                                    4445 Eastgate Mall, Suite 200
                                      San Diego, CA 92121
25                                    Phone: 858-272-0220
26                                    Fax:  858-272-0221

27                                    Attorneys for Plaintiff
28                                    3 Ratones Ciegos LLC

                                      33

                                                    Case No.
                              COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff 3 Ratones Ciegos, LLC hereby demands a trial by jury.

Dated: December 23, 2016

By:

s/ *Christopher B. Ingle*

_____

Christopher B. Ingle
cingle@inglelawfirm.net
**INGLE LAW FIRM**
111 W. Monroe St., Ste. 716
Phoenix, AZ 85003
Tel: 602-615-8395
Fax: 602-926-2753


John M. Kim
jkim@ipla.com
Kristin G. Strojan
kstrojan@ipla.com
Benjamin S. White
bwhite@ipla.com
**IPLA, LLP**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
Phone: 858-272-0220
Fax:  858-272-0221

Attorneys for Plaintiff
3 Ratones Ciegos, LLC

COMPLAINT                                    Case No.