**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 3 Ratones Ciegos, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Mucha Lucha Libre Taco Shop 1 LLC, an Arizona limited liability company, et al.,<br><br>Defendants. | No. CV-16-04538-PHX-DGC<br><br>**ORDER** |

Plaintiff 3 Ratones Ciego, a California limited liability company, owns and operates the Lucha Libre Gourmet Taco Shops in San Diego. In December 2016, Plaintiff filed the present action against Defendants, who operate various taco shops in Arizona. The complaint asserts common law and statutory claims for unfair competition and trademark and trade dress infringement. Doc. 1.

Defendants have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Doc. 25. Plaintiff has filed a response in opposition to the motion (Doc. 26), but no reply has been filed. For reasons stated below, the motion will be denied.[1]

---

[1] Defendants' request for oral argument is denied because they had the opportunity present their arguments in written briefs, and oral argument would not aid the Court's decision. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

## I. Background.

Plaintiff operates three Lucha Libre Gourmet Taco Shop restaurants in San Diego. The restaurants are designed in a French Rococo style with elaborate ornamentation and feature vibrant colors such as hot pink and light blue with gold accents. As the name suggests, the restaurants have a Mexican wrestling themed décor, including displays of wrestling masks and vintage photos of "lucha libre" wrestlers.[2]

Plaintiff holds three federally registered trademarks associated with its restaurants: Lucha Libre Gourmet Taco Shop, Lucha Libre Taco Shop, and Lucha Libre. Plaintiff claims to have used these marks since 2007. Plaintiff also holds a trade dress registration for the restaurant design and décor, and has used the trade dress since 2008.

Defendants are various Arizona limited liability companies (LLCs) and eight individuals who have an interest in the LLCs. Some of them operate taco shops in the metro-Phoenix area. Plaintiff claims that Defendants' use of the same color design, décor, and Mexican wrestling theme as Plaintiff's restaurants, and use of the names Mucha Lucha Libre Taco Shop and Mucha Lucha Taco Shop, infringe Plaintiff's trade dress and trademark rights and otherwise constitute unfair competition.

The complaint asserts eight related causes of action: four federal claims for trademark infringement, trade dress infringement, and unfair competition (counts one through four); similar common law claims (counts five through seven); and an Arizona trademark infringement and unfair competition claim (count eight). Doc. 1 ¶¶ 54-129. Defendants have moved pursuant to Rule 12(c) for judgment as a matter of law on the trademark and corresponding unfair competition claims (counts one, three, five, six, and eight). Doc. 25 at 5.

---

[2] The literal English translation of the Spanish phrase "lucha libre" is "free fight," but it more commonly means "all-in" or "freestyle wrestling." The Mexican lucha libre style of wrestling, which dates to the early 1900s, is characterized by colorful masks, rapid technical holds, and high-flying maneuvers. The wrestlers are known in Spanish as "luchadores." Two of the most famous luchadores are El Santo (The Saint), who donned a silver mask and debuted in 1942, and his arch nemesis, Demonio Azul (Blue Demon). Lucha libre wrestling is popular in the United States as well, and was the style used by WWE wrestler Rey Mysterio who became a fan favorite and champion in the early 2000s. The wrestling style also was portrayed in the 2006 comedy film *Nacho Libre*.

## II. Rule 12(c) Standard.

Rule 12(c) is functionally identical to Rule 12(b)(6) and the same standard applies to motions brought under either rule. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Thus, a successful Rule 12(c) motion must show that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support such a theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion for judgment on the pleadings where it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Discussion.

Defendants do not dispute that trademarks and trade dress are legally protectable rights. Doc. 25 at 5. Rather, they contend that their use of "Mucha Lucha" is significantly different from, and as a matter of law does not infringe, Plaintiff's "Lucha Libre" marks. Defendants note that Plaintiff's mark in English would be "All-In Wrestling Gourmet Taco Shop," and assert that this is not similar to their "Mucha Lucha Taco Shop" name, which in English means "Much Fight Taco Shop." *Id.* at 8-10.

Plaintiff argues that it has alleged facts sufficient to show protectable marks and likelihood of consumer confusion resulting in trademark infringement by Defendants. Doc 26 at 5-9. Plaintiff further argues that Defendants' purported statement of undisputed facts is procedurally improper, and judgment on the pleadings otherwise is not appropriate at this stage of the litigation. *Id.* at 3, 9. The Court agrees with Plaintiff.

### A. The Trademark Infringement and Related Unfair Competition Claims.

Plaintiff's trademark infringement and unfair competition claims brought under the common law and the Lanham Act, 15 U.S.C §§ 1114 and 1125, can be considered

together because they share the same analysis. *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 n.8 (9th Cir. 1999). Likewise, the state law claims under A.R.S. §§ 44-1451 and 14-1522 are essentially the same as the federal Lanham Act claims. *See BMW of N. Am., LLC v. Mini Works, LLC*, No. CV-07-1936-PHX-SMM, 2010 WL 11484171, at *9 (D. Ariz. Sept. 27, 2010) (citations omitted). To prevail on those claims, Plaintiff must prove that it has a valid trademark and Defendants have used a similar mark in commerce that is likely to cause confusion as to the source, affiliation, connection, or association of Defendants' goods or services. *Id.* (citing *Eclipse Assocs. Ltd. v. Data Gen. Corp.*, 894 F.2d 1114, 1118 (9th Cir. 1990)).

The touchstone for trademark infringement is likelihood of confusion, which asks whether a reasonably prudent consumer is "likely to be confused as to the origin of the good or service bearing one of the marks." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1214 (9th Cir. 2012). This determination is made by applying the well-established *Sleekcraft* factors: (1) strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) types of goods and degree of care exercised by consumers, (7) defendant's intent in selecting the mark, and (8) likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). This eight-factor test is a "pliant" one, in which "the relative importance of each individual factor will be case-specific." *Brookfield*, 174 F.3d at 1054.

Plaintiff alleges that it owns the following federally registered trademarks for restaurant and catering services: Lucha Libre Gourmet Taco Shop, Lucha Libre Taco Shop, and Lucha Libre. Docs. 1 ¶ 32, 1-2 at 2-12. Plaintiff further alleges that (1) it has continuously used the marks in connection with its catering and restaurant businesses since 2007 (Doc. 1 ¶ 33); (2) sometime thereafter the individual Defendants joined in various ways to form six Arizona LLCs named Santos Mucha Lucha Taco Shop 2 (¶ 36), Mucha Lucha Libre Taco Shops 1, 3, 5, and 6 (¶¶ 37-40), and Mucha Lucha Bar & Grill (¶ 41); (3) the LLC Defendants have begun, or intend to begin, operating restaurants in

Arizona under the names Mucha Lucha Taco Shop (¶¶ 36-38, 40-41) and Mucha Lucha Libre Taco Shop (¶ 39); (4) Defendants' restaurants offer similar Mexican wrestling themed eateries that serve tacos and other Mexican food (¶¶ 43-44); (5) there have been several instances of potential or actual consumer confusion between the parties' restaurants (¶ 51); (6) Defendants are engaged in the business of offering for sale and selling in interstate commerce restaurant services that infringe Plaintiff's trademarks (¶¶ 36-41); and (7) at least one individual Defendant, Jaime Zarraga, who is a member of all six LLCs, has actual knowledge of Plaintiff's marks but continues to use similar ones in connection with Defendants' restaurants (¶ 52).[3]

Defendants contend that Plaintiff's mark is merely descriptive in nature, that the restaurants are in different states and therefore not in close proximity, and that the marks are not similar. Doc. 25 at 12-15. Plaintiff argues that Defendants' myopic focus on only three of the *Sleekcraft* factors is fatal to their motion for judgment on the pleadings. Doc. 26 at 4-5. Defendants do not counter this argument or otherwise address the additional *Sleekcraft* factors.[4]

Having considered the relevant *Sleekcraft* factors, and accepting the complaint's well-pled allegations as true – as required on the present motion – the Court finds that Plaintiff has stated plausible claims for trademark infringement and unfair competition. Significantly, Plaintiff has alleged instances of potential or actual confusion by consumers. Certain Instagram postings included the hashtags #luchalibretacoshop and #luchalibre when referring to one or more of Defendants' restaurants. Docs. 1 ¶ 51, 1-2

---

[3] Plaintiff obtained in the Southern District of California a default judgment on trademark and trade dress infringement claims against Santos Lucha Libre Taco Shop LLC and Martina Guzman, who are not parties to the present suit. Doc. 1-2 at 58-68; *see 3 Ratones Ciegos v. Santos Lucha Libre Taco Shop*, No. 14cv1518 BTM (BLM), 2014 WL 6907782 (S.D. Cal. Dec. 8, 2014). Plaintiff alleges that Defendant Zarraga may have been an agent of, or acting in concert with, Santos Lucha Libre Taco Shop LLC. Doc. 1 ¶ 53.

[4] The Court granted Defendants' motion to extend the time to file a reply brief to June 7 (Docs. 27, 30), but no reply has been filed.

at 54-56. The parties' restaurants also offer similar goods and services, that is, tacos and other Mexican food in "lucha libre" themed eateries. Doc. 1 ¶¶ 43-44.

With respect to the similarity analysis, this Circuit has set forth certain axioms to guide the comparison: (1) the marks should be considered in their entirety and as they appear in the marketplace; (2) similarity is best judged by appearance, sound, and meaning; and (3) similarities weigh more heavily than differences. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1206 (9th Cir. 2000) (citations omitted). In this case, the names of Plaintiff's and Defendants' restaurants – "Lucha Libre Gourmet Taco Shop" and "Mucha Lucha Taco Shop" – are similar in that they share three words and are "distinct in sound and meaning because of their combination of English and Spanish words and reference to Mexican wrestling." *3 Ratones Ciegos*, 2014 WL 6907782, at *4. Given the alleged trade dress similarities, which Defendants do not challenge in the present motion, and accepting as true the complaint's other allegations, the Court finds that the names and décor of the parties' restaurants could be confusingly similar to consumers in the taco shop marketplace. *See id.*

Defendants contend that the word "lucha," which means "fight" in English, is a broad term that can encompass many things, while "wrestling" has a very specific meaning. Doc. 25 at 13. But in deciding whether there is a likelihood of confusion, the word "lucha" should not be considered in isolation. Rather, the parties' marks must be considered in their entirety and as they appear and sound in the actual marketplace. In this case, that would be considering the full "Mucha Lucha Taco Shop" name Defendants use for restaurants that serve Mexican food and display "lucha libre" wrestling décor. *See* Doc. 1 ¶¶ 36-43.

Defendants further contend that Plaintiff's trademark is weak, and that a weak mark in Spanish is not strengthened by its translation into English. *Id.* at 14. But Plaintiff alleges that since opening the first Lucha Libre Gourmet Taco Shop nearly ten years ago, the restaurants have enjoyed tremendous success and have been featured in, or given awards by, numerous publications, television programs, and food critics. *Id.*

¶¶ 26-27, 29. The restaurants also have garnered national attention and were featured on the Travel Channel's *Man v. Food* program in 2010. *Id.* ¶ 27. The restaurants receive visitors from all over the country, including Arizona. *Id.* The restaurants have a strong presence on social media, attracting thousands of "likes" on Facebook and followers on Instagram. *Id.* ¶ 28. Accepting these allegations as true, the marks cannot be said to be weak as a matter of law.

In summary, the Court finds that Plaintiff has stated plausible claims for trademark infringement and related unfair competition (counts one, three, five, six, and eight). Defendants' motion for judgment on the pleadings therefore will be denied.

### B. Defendants' Statement of Undisputed Facts.

Defendants' motion contains a section titled "Statement of Undisputed Facts." Doc. 25 at 6-9. Generally, a statement of facts is filed in support of, but separately from, a motion for summary judgment. *See* LRCiv 56.1(a). Defendants' statement references the complaint's allegations, which is appropriate on the present motion for judgment on the pleadings, but it also includes additional facts not set forth in the complaint and various legal arguments. This filing is not proper in a motion for judgment on the pleadings, and the Court will not treat this as a motion for summary judgment. The likelihood of confusion analysis for purposes of trademark infringement is best undertaken on a more complete record.

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings (Doc. 25) is **denied**.

Dated this 27th day of September, 2017.

David G. Campbell
United States District Judge